**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR JOSE RIVAS MARTINEZ, AKA
Edgar Martinez,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.    20-70755

Agency No. A029-561-157

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2021[**]
Pasadena, California

Before:  WARDLAW, GOULD, and OWENS, Circuit Judges.

Edgar Jose Rivas Martinez ("Rivas"), a native and citizen of El Salvador,

petitions for review of the decision of the Board of Immigration Appeals ("BIA")

affirming without opinion the decision of an immigration judge ("IJ") denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for withholding of removal and protection under the Convention

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and

we grant the petition with respect to Rivas's withholding of removal claim and

remand for further proceedings. We deny the petition with respect to his CAT

claim.

1. The IJ denied Rivas's application for withholding of removal based on

three independent grounds. Because the agency's decision that Rivas does not

qualify for withholding of removal "cannot be sustained upon its reasoning, we

must remand to allow the agency to decide any issues remaining in the case."

*Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) (citation

omitted).

First, the IJ determined that the harm Rivas suffered in El Salvador did not

rise to the level of persecution. Substantial evidence does not support that

determination. *See Singh v. Holder*, 656 F.3d 1047, 1051–52 (9th Cir. 2011).

"Physical harm has consistently been treated as persecution." *Ahmed v. Keisler*,

504 F.3d 1183, 1194 (9th Cir. 2007) (citation omitted). Rivas sustained beatings at

the hands of police and military officials on many occasions. Mere detainment,

even in a case of mistaken identity, may constitute legitimate policing. *Arteaga v.

Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007). That logic, however, does not extend

to beatings by police of an individual, like Rivas, who was not resisting and

obeyed commands.[1]  "[I]n light of the cumulative effect of multiple instances of physical harm and victimization," "no reasonable factfinder could conclude that the harm [Rivas] suffered did not rise to the level of persecution."  *Vitug*, 723 F.3d at 1065.

Second, the IJ erred in rejecting Rivas's first proposed particular social group: "Salvadoran nationals who are visibly culturally assimilated to American culture, with imputed American characteristics and non-Salvadoran physical appearance."[2]  "[A]n applicant for asylum or withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (alteration in original) (footnote omitted) (citing *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).  Before determining whether a proposed social group is socially distinct, the IJ must "perform an evidence-based inquiry."  *Diaz-Torres v. Barr*, 963 F.3d

---

[1] The IJ found Rivas's testimony credible, so we must accept his testimony that he obeyed police commands.  *See Vitug v. Holder*, 723 F.3d 1056, 1065 (9th Cir. 2013).

[2] The IJ found no nexus for Rivas's second proposed group: "culturally incompatible repatriated Salvadorans with nuclear U.S. family."  Rivas does not challenge this finding on appeal, so it is waived.  *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

976, 980 (9th Cir. 2020) (internal quotation marks and citation omitted). A case-by-case inquiry is also required before determining whether a proposed group is sufficiently particularized. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 241 ("Societal considerations have a significant impact on whether a proposed group describes a collection of people with appropriately defined boundaries and is sufficiently 'particular.'"); *see also Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014) ("To be consistent with its own precedent, the BIA may not reject a group solely because it had previously found a similar group in a different society to lack social distinction or particularity[.]").

The IJ impermissibly rejected Rivas's first proposed social group solely by reference to case law involving different societies. *See Pirir-Boc*, 750 F.3d at 1084. Specifically, both cases cited by the IJ refer to social groups related to deportees in Mexico, rather than in El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). The Government contends that we have sustained the BIA's rejection of a similar group in the same society as Rivas's: "deportees from the United States to El Salvador." *Reyes v. Lynch*, 842 F.3d 1125, 1138–40 (9th Cir. 2016). But the fact that a similar group in the same country was previously rejected does not excuse the IJ from conducting a case-by-case inquiry. *Cf. Ramirez-Munoz*, 816 F.3d at 1228–29 (citing *Delgado-Ortiz*, 600 F.3d at 1152)

4

(conducting a review of country conditions evidence of changed circumstances to determine the cognizability of a proposed social group in Mexico although a similar group in Mexico had been rejected in a former case).

Third, the IJ concluded that Rivas failed to show that a protected ground was "a reason" for his claimed persecution because Rivas feared general conditions of crime and violence in El Salvador. A withholding of removal applicant must prove that a cognizable protected ground is "a reason" for future persecution. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). It is true that "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). But Rivas did not argue that he feared general conditions of crime and violence. He specifically contended that he faced persecution by police and military officers because of his membership in the proposed social group of "Salvadoran nationals who are visibly culturally assimilated to American culture, with imputed American characteristics and non-Salvadoran physical appearance." The IJ's decision does not address this argument. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir. 2003) (holding that remand was warranted where the BIA did not address an issue in the first instance).

We grant Rivas's petition for review with respect to his withholding of

5

removal claim and remand to the agency for further proceedings consistent with this decision.

2. Substantial evidence supports the IJ's determination that Rivas does not qualify for CAT relief. To receive CAT protection, a petitioner must show that it is more likely than not that he will be tortured upon his return to the country of removal. *Singh v. Whitaker*, 914 F.3d 654, 662–63 (9th Cir. 2019). Torture is defined as involving "severe pain or suffering, whether physical or mental." 8 C.F.R. § 208.18(a)(1). The record does not compel the conclusion that Rivas's past mistreatment rose to the level of torture. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006). The country conditions evidence, even in combination with Rivas's credited testimony, does not compel the conclusion that Rivas personally will more likely than not be subject to torture on return to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009). We deny Rivas's petition for review with respect to his CAT claim.

**PETITION GRANTED IN PART; REMANDED.**